**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 96-4103

KEVIN WEBB, a/k/a Ba-Ba,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-95-370)

Submitted: February 28, 1997

Decided: March 25, 1997

Before HALL, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William G. Yarborough III, Greenville, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Harold W. Gowdy III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kevin Webb pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine, powder cocaine, and marijuana, 21 U.S.C. § 846 (1994). He was sentenced to a term of 260 months. He contests the district court's determination of the amount of crack for which he was responsible and the finding that he possessed a firearm during the offense. United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1995). He also challenges a criminal history point assessed for a 1994 fine of $279 for marijuana possession, arguing that it was part of the instant offense. We affirm.

The conspiracy flourished in and around Spartanburg, South Carolina, from January 1992 to April 1995. Thirty-two people were indicted with Webb and others were also involved. The probation officer described Webb as a lieutenant for the leader, Vernon Ponds, and reported that Webb made fifteen trips to Florida to buy powder cocaine, carried a gun in his car, and distributed at least 1.5 kilograms of crack. At Webb's sentencing hearing, the government introduced evidence from several witnesses to support the probation officer's recommendations. Co-defendant Chauncey Floyd testified that Webb fronted and sold crack to him regularly during 1993, beginning around June. Even allowing for the fact that Webb usually shorted his customers by giving only 25 grams rather than 28 grams to the ounce, the total amount of crack Floyd said he obtained from Webb was about 475 grams.

There was also testimony from the case agent about Webb's December 1993 arrest in Florida. Webb and several others from Spartanburg met Ponds' contact person in Miami, Earnest McLucas, who borrowed Webb's car when he went to get the cocaine. McLucas was arrested with 1400 grams of cocaine in Webb's car and subsequently cooperated with authorities. Although the local charges against Webb were dismissed, McLucas later gave several statements to the federal agent who testified at Webb's sentencing. McLucas told the agent that Webb and others had come to Florida about fifteen times and that each time he had provided them with one or two kilograms of powder

2

cocaine. The agent agreed that, when McLucas testified at the trial of several other conspirators, he had not mentioned Webb.

Webb testified that he sold small amounts of crack over a two-year period, but said his only trip to Florida was the one on which he was arrested, and he said he was unaware that the others intended to pick up drugs there. He admitted selling crack to Floyd, but denied having anything to do with Ponds or other conspirators. He denied selling any marijuana, an assertion which was supported by Floyd's testimony that he never obtained marijuana from Webb. Defense counsel argued that, based on Webb's admissions, his relevant conduct was less than 500 grams of crack, and he asked for a sentence in that range.

The district court found that Webb was certainly responsible for the distribution of 150-500 grams of crack and gave him a base offense level of 34 instead of 36, the level recommended in the presentence report. The court believed that Webb was most likely involved with a much larger amount, but found that the government had not proved with certainty what amount was reasonably foreseeable to him. The district court's factual determination of the amount of drugs attributable to a defendant should be affirmed unless it is clearly erroneous. See United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995). Here, the evidence before the court was more than sufficient for a finding that Webb was involved with 150-500 grams of crack.

We also find that the weapon enhancement was properly made. A Spartanburg police officer testified that he searched Webb's car in 1994 and found a .357 magnum in the glove compartment. Floyd testified that he saw Webb with a .357 about five times. The court found that the enhancement for possession of firearm during the drug offense should be applied. Application Note 3 to USSG § 2D1.1 directs that a 2-level enhancement should be made if a weapon is present during the offense unless it is clearly improbable that the weapon was connected to the offense. Webb argues that the government failed to establish that the gun he had in the glove compartment of his car was connected to the offense. However, the government only had to prove that the gun was present during the offense. Because there was no evidence introduced by either side to suggest that it was clearly improbable that Webb possessed the gun in connec-

3

tion with the offense, the district court did not clearly err in making the enhancement.

Finally, Webb's criminal history was correctly determined. Webb argues that the district court failed to make an inquiry into the facts of his 1994 marijuana conviction and $279 fine to determine whether that conduct was a distinct offense. See United States v. McManus, 23 F.3d 878, 888 (4th Cir. 1994). The additional criminal history point put Webb in category IV instead of III and gave him a sentencing range of 210-262 months instead of 188-235 months. Criminal history points are awarded for sentences previously imposed for conduct not part of the instant offense. USSG § 4A1.2(a)(1). Conduct is part of the instant offense if it is relevant conduct under USSG § 1B1.3. See USSG § 4A1.2, comment. (n.1).

However, the court inquired of Webb himself and was told, in effect, that his marijuana possession was not part of the conspiracy. Webb said he possessed marijuana for personal use, but never sold it. Floyd had previously testified that he never obtained marijuana from Webb. On this evidence, we find that the district court did not err in finding that the fine was for conduct which was not part of the instant offense.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4